UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-13071-LTS |
| ) | |
| COHEN + ASSOCIATES LCC and ) | |
| MARC A. COHEN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER ON DEFENDANTS' MOTION TO DISMISS

November 14, 2014

SOROKIN, J.

Michael Gill brought this action against Cohen + Associates LLC and Marc A. Cohen alleging professional malpractice, civil conspiracy, civil violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and violations of Chapter 93A of the Massachusetts General Laws. The defendants have moved to dismiss, arguing that the Complaint fails to state a claim. Because the Court finds that all of the Counts in the Complaint fail to state a claim, the Motion to Dismiss is ALLOWED.

I.    FACTS

The following factual allegations are drawn from the Complaint and are taken as true for the purposes of resolving the present motion.

Michael Gill is the sole owner of The Mortgage Specialists, Inc. ("MSI"), a New Hampshire corporation, and Michael Gill Racing.[1]  Doc. No. 1 ¶¶ 1, 12.  Beginning in 2008, and possibly earlier, Gill hired several law firms and accountants to provide services related to corporate and individual taxation issues with federal and state tax authorities.  E.g., id. ¶¶ 15, 33.  After finding the services provided by these professionals unsatisfactory, Gill, in 2012, retained defendants Cohen + Associates LLC and Marc Cohen (collectively, "Cohen") as accountants to both MSI and Gill individually.  Id. ¶ 8.  Cohen was hired to work on the financial statement and tax returns of MSI and Gill for the tax year 2011.  Id. ¶ 9.  At some point, Cohen also filed amended tax returns on Gill's behalf for tax years 2008 and 2009.  Id. ¶ 15.

Gill alleges that Cohen, after being retained by Gill, informed Gill of an error on "Gill's K-1" and "net operating loss carryback" issues that unnecessarily created significant tax liability for Gill.  Id. ¶¶ 28-29, 42.  Gill further alleges that, despite informing Gill of these issues, and thus being aware of them, Cohen failed to correct the issues, resulting in the imposition of interest and penalties by federal and state tax authorities.  Id. ¶¶ 42, 63.

Gill further alleges that Cohen met with and discussed Gill's tax issues with several of his previously retained lawyers and accountants.  Id. ¶¶ 33, 48.  Gill asked that Cohen go with him to meet with the United States Attorney for the District of Massachusetts to discuss the "fraudulent actions of Plaintiff's former attorneys and accountants to expose the racketeering and conspiracy."  Id. ¶ 52.  Apparently, Cohen declined.  See id.

Gill brought suit against Cohen alleging malpractice (Count 1), Conspiracy (Count 2); civil RICO claims (Count 3), and violations of Chapter 93A of the Massachusetts General Laws (Count 4).

---

[1] It is unclear from the Complaint whether Michael Gill Racing, which evidently ceased operations in 2010, was an independent corporate entity.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim

to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court "must take the allegations in the

complaint as true and must make all reasonable inferences in favor of the plaintiff[]." Watterson

v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  "[F]actual allegations" must be separated from

"conclusory statements in order to analyze whether the former, if taken as true, set forth a

plausible, not merely a conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc.,

708 F.3d 269, 276 (1st Cir. 2013) (internal quotations omitted).  This highly deferential standard

of review "does not mean, however, that a court must (or should) accept every allegation made

by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962

F.2d 108, 115 (1st Cir. 1992).  Dismissal for failure to state a claim is appropriate when the

pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material

element necessary to sustain recovery under some actionable legal theory." Centro Medico del

Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005) (quoting Berner v. Delahanty,

129 F.3d 20, 25 (1st Cir. 1997)).

## III.    DISCUSSION

Cohen moves to dismiss the Complaint, arguing that it fails to state a claim as to any of

the Counts alleged.

A.    Conspiracy

Looking first to Count 2, this claim alleges that Cohen engaged in a civil conspiracy with other accountants and lawyers. Massachusetts courts[2] recognize two types of civil conspiracy: "true conspiracy" arising from action in unison creating "some peculiar power of coercion over [the] plaintiff" and conspiracy based on section 876 of the Restatement (Second) of Torts, creating vicarious liability for the conduct of others. Grant v. John Hancock Mut. Life Ins. Co., 183 F. Supp. 2d 344, 362 (D. Mass. 2002)) (quoting Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1564 (1st Cir. 1994)). The Complaint does not make clear which form of conspiracy it is alleging, however, it fails to state a claim as to either species of civil conspiracy.

As to so-called "true conspiracy," "[t]he plaintiff must allege and prove that by 'mere force of numbers acting in unison' the defendants exercised 'some peculiar power of coercion of the plaintiff which any individual standing in a like relation to the plaintiff would not have had." Grant, 183 F. Supp. 2d at 363 (quoting Mass. Laborers' Health & Welfare Fund v. Philip Morris, Inc., 62 F. Supp. 2d 236, 244 (D. Mass. 1999)). Here, the Complaint does not allege any peculiar power of coercion which arose from Cohen's concert of action with other individuals, and thus the Complaint does not state a claim as to true conspiracy.

As to conspiracy arising under section 876 of the Restatement, liability arises from agreeing to or assisting in an underlying tort, which can arise from "concert of action" with others or providing "substantial assistance" to another. Taylor v. Am. Chemistry Council, 576 F.3d 16, 35 (1st Cir. 2009). To state a claim of this second type of civil conspiracy, "the plaintiff must allege 'first, a common design or an agreement, although not necessarily express, between two or more persons to do a wrongful act and, second, proof of some tortious act in furtherance

---

[2] The parties do not contend that the law of any other state applies.

of the agreement.'" Farrah ex rel. Estate of Santana v. Gondella, 725 F. Supp. 2d 238, 248 (D.

Mass. 2010) (quoting Aetna Cas. Sur. Co., 43 F.3d at 1564). Although Gill spends the majority

of the Complaint describing the actions of individuals other than the defendants in this action, he

has alleged no "anticipatory agreement" to commit any underlying tort. See id. Nor has he even

plausibly alleged concerted action to refrain from remedial action on his tax issues, which itself

would not state a claim for section 876 civil conspiracy. See id. Accordingly, Gill does not state

a claim under either type of civil conspiracy, and the Motion to Dismiss is ALLOWED as to

Count 2.

       B.     Civil RICO Claims

Count 3 alleges a civil RICO violation. In order to state a claim of a Civil RICO

violation, the plaintiff must plead "a pattern of racketeering activity involving at least two

predicate acts, the second of which must occur within 10 years of the first." Ahmed v.

Rosenblatt, 118 F.3d 886, 888 (1st Cir. 1997). Here, the sum and substance of Gill's allegations

of RICO predicate acts of racketeering activity are that "[t]he defendants are guilty of conspiring

with others and committing extortion, theft by deceptive practices, impeding a federal

investigation, witness tampering[,] and other violations of State and Federal criminal law

statutes." Doc. No. 1 ¶ 75. Even assuming that all of these proffered criminal offenses

constitute predicate offenses under 18 U.S.C. § 1961(1)—and some, such as theft by deceptive

practices, clearly do not—Gill has offered no explanation or clarification as to how the conduct

alleged in the Complaint constitutes chargable criminal conduct. For example, Gill has not

identified any federal investigation that was impeded, nor has he specified any witness to any

proceeding who was subject to any improper conduct.

"It is not enough for a plaintiff to file a RICO claim, chant the statutory mantra, and leave the identification of predicate acts to the time of trial." Feinstein v. Resolution Trust Corp., 942 F.2d 34, 42 (1st Cir. 1991). Gill's bald assertions of criminal conduct without any factual allegations to support his claims are the sort of conclusory allegations that are insufficient in the face of a motion to dismiss. See Shay v. Walters, 702 F.3d 76, 82-83 (1st Cir. 2012) ("In determining whether allegations cross the plausibility threshold, an inquiring court need not give weight to bare conclusions, unembellished by pertinent facts."). Accordingly, the Motion to Dismiss Count 3 is ALLOWED.

C.      Professional Malpractice and Chapter 93A

Finally, Counts 1 and 4 of the Complaint allege professional malpractice and violations of Chapter 93A of the Massachusetts General Laws, both arising from Cohen's alleged failure to correct errors on "Gill's K-1" and the "net operating loss carryback" issues. Cohen complains that, given the factual allegations of the Complaint, MSI, not Gill individually, is the real party in interest and asserts that Gill, acting pro se, cannot advance the claims of his corporation.

To the extent that Gill is advancing claims premised on errors in an IRS Schedule K-1, those claims belong to the corporation that prepared the Schedule K-1. See Natale v. Espy Corp., 2 F. Supp. 3d 93, 101 (D. Mass. 2014) (noting a corporation's legal obligation to prepare and issue Schedule K-1s to shareholders); see also 26 U.S.C. § 6037. Similarly, Gill's assertion of error in addressing "net operating loss carryback" issues is a claim belonging to the corporation. Notwithstanding Gill's statement to the contrary, the Complaint describes the claim as arising in the course of preparing the corporation's tax filings. Specifically, the Complaint describes the scope of Cohen's representation as encompassing "the financial statement and tax returns for MSI and its sole shareholder Gill and associated entities." Doc. No. 1 ¶ 9. It goes on

to state that "there were issues outstanding with the IRS because of a prior loss carry forwards [sic] and characterization of financial loans and advances to Gill and his associated companies, including one involved in professional horse training and racing including a Net Operation Loss ("NOL") carryback issues [sic]." Id. ¶ 10. The only plausible reading of the "net operating loss carryback" issues is that they consisted of issues arising from the characterization of loans and advances to Gill on MSI's tax filings. Gill's conclusory statement that he is only raising claims in his individual capacity is unsupported with any explanation or citation to the Complaint at all, let alone to facts that plausibly allege claims belonging to him in his personal capacity.

Gill cannot assert claims of a corporation. The corporation is not a party to this lawsuit and only the corporation may advance claims for breaches of duties owed to it. See Pagan v. Calderon, 448 F.3d 16, 28 (1st Cir. 2006). This is true even though Gill is the sole shareholder of the corporation. See id. Of course, Gill cannot not represent the corporation in any event because he is proceeding pro se. Thus, the Complaint fails to state a claim for malpractice.

As to the Chapter 93A claim, the Complaint makes clear that this claim arises from the errors Cohen allegedly failed to correct in the course of representing MSI. In the context of an attorney-client relationship, the Supreme Judicial Court has noted that "the proper party to assert a c. 93A claim against an attorney is a client or someone acting on a client's behalf." Tetrault v. Mahoney, Hawkes & Goldings, 681 N.E.2d 1189, 1195 (Mass. 1997). The same principle applies in an accountant-client relationship and, as described above, the only plausible reading of the factual allegations in the Complaint is that Gill is raising the claims of his corporation. As such, the Chapter 93A claim falls with the malpractice claim, and, accordingly, the Motion to Dismiss is ALLOWED as to Counts 1 and 4.

IV.    CONCLUSION

For the reasons set out above, the Motion to Dismiss, Doc. No. 6, is ALLOWED, and the

Complaint in this action is DISMISSED.


SO ORDERED.


  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge